IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| JANE DOE-1, by her parents and Next Friends, JOHN DOE-1, and JULIE DOE-1, and JOHN DOE-1 and JULIE DOE-1, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 03-CV-1107 |
| GERALD SCOTT HUDDLESTON, PHILIP POGUE, KAREN HARMS, RONALD SCHRAMM, and PRAIRIE SCHOOL DISTRICT NO. 8 BOARD OF EDUCATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Joint Defense Motion to Conduct Psychological Examinations of Julie Doe-1 and Jane Doe-1 [198], Plaintiffs' Response [199] and Defendants' allowed Reply [202].  For good cause shown, Joint Defense Motion [198] ALLOWED in full.

Defendants' motion is filed pursuant to Federal Rule of Civil Procedure 35.  Defendants note the various State law claims, including claims for intentional infliction of emotional distress which are brought on

behalf of all Plaintiffs.  Defendants cite Rule 35 of the Federal Rules of Civil Procedure which provides that a party may be ordered to submit for a mental or physical examination when that party has placed their psychological condition in controversy.  Defendants reference the "good cause" requirement before the Court should enter a Rule 35 order.  (Citing cases.)   Defendants' persuasively argue that the mental condition of both Jane Doe-1, a minor, and Julie Doe-1, the mother of the minor, have been placed in issue in the present case based upon Plaintiffs' Third Amended Complaint.  Defendants also advise that certain experts disclosed on behalf of the Plaintiffs have provided certain psychological information and opinions concerning Jane Doe-1 and Julie Doe-1.

     Defendants ask that this Court order:   that Jane Doe-1 and Julie Doe-1 submit for psychological examinations;  that Dr. Jon Conte be allowed to conduct two interviews of Jane Doe-1;  further, that Dr. Conte be allowed to conduct a developmental profile interview with Julie Doe-1 before his interviews with Jane Doe-1;   and, further, that Julie Doe-1 be ordered to submit to certain psychological testing, being the MMPI - II.  Plaintiffs' response [199] agrees that Dr. Conte should be allowed to interview both Jane Doe-1 and Julie Doe-1.  Plaintiffs object to the Court ordering the administration of the MMPI - II to Julie Doe-1.

Federal Rule of Civil Procedure 35 states in relevant part:

> When the mental condition of a party is in controversy, the court in which the action is pending may order the parties submit to a physical or mental examination by a suitably licensed or certified examiner . . . . the order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and the scope of the examination and the person or persons by whom it is to be made.

The U.S. Supreme Court has stated that a party seeking an examination pursuant to Federal Rule of Civil Procedure 35 "must make a greater showing of need than the one seeking discovery under the other rules. The party must show that good cause exists for the examination and that the condition as to which the examination is sought is genuinely in controversy". Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Herein, psychological experts' examinations and tests are sought by Defendants to counter the Plaintiffs' allegations in their Third Amended Complaint and the opinions of retained experts. Under these facts "good cause" has been shown. The sole remaining issue that Plaintiffs contest is the MMPI - II.

The Court is well aware of the MMPI and MMPI - II and what these types of clinical tests are designed to adduce. From the Court's internet research into the MMPI and MMPI - II, the Court learned that the MMPI is the most frequently used clinical test, and that it provides clear valid

descriptions of people's problems, symptoms, and characteristics in widely accepted clinical language.  The profiles are easy to explain in court, and appear to be relatively easy for people to understand.  The MMPI has ten clinical scales and three validity scales, plus a host of supplementary scales.  In the hands of a skilled and experienced psychologist, the MMPI is a powerful instrument and allows for a powerful presentation in court.  However, the MMPI must be interpreted in light of the biographical and other information about the client.  The MMPI - II is a valid revision and an expansion of the original MMPI.  In addition to the original validity scales, there have been three new validity scales included in the MMPI - II.  See General Information on the MMPI by Cheryl L. Carp, Ph.D. and Leonard Carp, J.D., www.deltabravo.net.  The MMPI - II is relevant to a range of contemporary applications, and remains the most widely used and widely researched test of adult psychopathology.  The MMPI - II test's contemporary normative sample and extensive research base help make it the gold standard in assessment for a wide variety of settings.  The test can be used to help assess major symptoms of social and personal maladjustment and gives a strong empirical foundation for a clinician's expert testimony.  See Revision of the Original MMPI by Starke R. Hathaway, Ph.D. and J. Charnley McKinley, M.D.

Based upon all of the above, the Court finds administering the MMPI - II to Julie Doe-1 to be appropriate herein and that the MMPI - II results should provide relevant information for use by potential defense expert witnesses. Plaintiffs' objection to Dr. Dalfume to administer the MMPI - II is noted, but overruled. Based upon the Court's research, the MMPI - II test is normally administered in traditional paper and pencil form or audio cassette or CD recordings or by computer. Id. The Court is convinced that Dr. Dalfume is competent to administer the MMPI - II. See Exhibit C to d/e [198].

WHEREFORE, Joint Defense Motion to Conduct Psychological Examinations of Julie Doe-1 and Jane Doe-1 [198] is ALLOWED in full.

IT IS HEREBY ORDERED that Plaintiffs Jane Doe-1 and Julie Doe-1 submit for psychological examinations. Jane Doe-1 to be examined by Dr. Jon Conte in two separate interviews. Each interview to last no longer than two hours and to be separated by a 24-hour time period. The interviews to take place on October 17, 2005 and October 18, 2005, respectively. The tests to take place at a designated facility in Chicago, Illinois.

IT IS FURTHER ORDERED that prior to the interviews taking place with Jane Doe-1, that Dr. Conte conduct a developmental profile interview

with Julie Doe-1.  This interview to last no more than three hours and to take place on October 17, 2005 at a designated facility in Chicago, Illinois.

IT IS FURTHER ORDERED that Julie Doe-1 submit for psychological testing and take the psychological test known as the MMPI - II.  The test to be administered by Dr. Dalfume of John Day & Associates, 3716 Brighton Ave., Peoria, Illinois.  The test to take no more than two and one-half hours.  Further, that Julie Doe-1 submit to a 45-minute interview conducted by Luke Dalfume prior to the administration of the MMPI - II.  The exact date and time for the MMPI - II testing and interview is directed to be agreed upon by the parties herein.

ENTER:   September 29, 2005

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE
