E-FILED
Tuesday, 06 June, 2006  03:49:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
JANE DOE-1, by her Parents      )
and Next Friends, JOHN DOE-1,   )
and JULIE DOE-1, and            )
JOHN DOE-1 and JULIE            )
DOE-1,                          )
                                )
          Plaintiffs,           )
                                )
     v.                         )     Case No. 03-1107
                                )
GERALD SCOTT HUDDLESTON, ET AL,)
                                )
          Defendants.           )
```

# O R D E R

Before the Court are Defendant Ronald Schramm's Motion for Summary Judgment [Doc. # 258], Defendant Karen Harm's Motion for Summary Judgment [Doc. # 259], Defendant Prairie Central School District No. 8 Board of Education's ("PCSD's") Motion for Summary Judgment [Doc. # 260], Defendants' Motion to Strike [Doc. # 246], Plaintiffs' Motion to Consolidate Cases for Trial [Doc. # 253], and Defendants' Joint Motion to Continue Final Pretrial and Trial Dates [Doc. # 223]. For the reasons that follow, PCSD's motion for summary judgment will be granted in part, and the remaining motions will be denied as moot.

## I. Background

The following facts are undisputed. During the time relevant to this case, Defendant Huddleston was employed as an art teacher by Defendant Prairie Central School District No. 8 Board of Education ("PCSD"). As part of his employment during the 2001-2002 school year, Huddleston taught art to first grade students at

Westview Elementary School in Fairbury, Illinois two times per week. Plaintiff Jane Doe-1 ("Jane") was one of his students that year. Defendant Karen Harms was Jane's classroom teacher at Westview, and Defendant Ronald Schramm was the principal of Westview during the relevant period.

Huddleston placed photographs of his students around the door frame of his classroom at Westview when they were given to him. During the school year, Huddleston displayed a heart-shaped photograph of Jane on his door frame with other student pictures. During one class, after Huddleston showed Jane's class a "well-done" picture she had drawn, Jane became embarrassed and blushed. Later, Huddleston told Jane's classmates that he could make her blush again; he then stated that Jane was his girlfriend. Huddleston testified that this was an isolated incident that was meant as a joke. However, a classmate of Jane's attested that Huddleston said Jane was his girlfriend "almost every time [they] went to art class." Other children teased Jane about being Huddleston's girlfriend. Jane's mother, Julie Doe-1, complained to Harms and Schramm that Jane was not getting along well with the other children at Westview, however, Jane's parents never mentioned Huddleston as being related to this problem.

During the 2001-2002 school year, Jane suffered from distress and anxiety with physical manifestations of crying, vomiting and bed-wetting. She did not want to attend Westview, and was eventually removed and home-schooled. Jane's parents, John and Julie Doe-1, have brought this suit on her behalf, naming themselves as individual Plaintiffs.

## II. Legal Standard

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-

moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

**III.  Analysis**

Plaintiffs' Third Amended Complaint claims that (1) PCSD was deliberately indifferent to Huddleston's conduct towards Jane in violation of 20 U.S.C. § 1681(a) ("Title IX") (Count I); (2) PCSD was deliberately indifferent to discriminatory conduct by other Westview students towards Jane in violation of Title IX (Count II); (3) Huddleston violated Jane's constitutional rights (Count III); (4) Huddleston had unlawful and offensive contact with Jane (Count IV); (5) Huddleston intentionally inflicted emotional distress on Plaintiffs (Count V); (6) Defendants Pogue, Schramm, Harms, and PCSD intentionally inflicted emotional distress on Plaintiffs (Count VI); (7) Huddleston committed a hate crime in violation of Illinois law (Count (VII); and (8) Defendant Pogue, Harms, Schramm, and PCSD violated Illinois law in their hiring and supervision of Huddleston (Count VIII).  Plaintiffs have voluntarily dismissed Counts IV and VII of the Amended Complaint and all claims against Superintendent Pogue; Plaintiffs John and Julie Doe-1 have also voluntarily dismissed their intentional infliction of emotional distress claims.  The Court has granted summary judgment in favor of Huddleston as to Count III of the Amended Complaint, and it has also declined supplemental jurisdiction as to Jane's intentional infliction of emotional distress claim against Huddleston.

Thus, the remaining claims at issue are (1) the Title IX claims against PCSD for teacher-on-student and student-on-student

sexual harassment (Counts I and II); (2) the intentional infliction of emotional distress claims against Defendants Schramm, Harms, and PCSD (Count VI); and (3) the state law claims against Defendants Harms, Schramm, and PCSD for their hiring and supervision of Huddleston (Count VIII).  As discussed below, the Court will grant PCSD's summary judgment motion as to the Title IX claims, but the Court will decline supplemental jurisdiction over the remaining state law claims as to all Defendants.

### A. Title IX claims

Title IX provides, in pertinent part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  In <u>Davis v. Monroe County Bd. of Educ.</u>, 526 U.S. 629 (1999), the Supreme Court held that a school district that receives Title IX funds can be liable in a private action for damages under Title IX if the school is deliberately indifferent to known acts of sexual harassment. However, the Supreme Court stated:

> [F]unding recipients are properly held liable in damages only where they are deliberately indifferent to sexual harassment, **of which they have actual knowledge**, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

<u>Davis</u>, 526 U.S. at 650 (emphasis added); <u>see also</u> <u>Gebser v. Lago Vista Independent School District</u>, 524 U.S. 274, 290 (1989) ("[A] damages remedy will not lie under Title IX unless an official who

at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [funding] recipients behalf has actual knowledge of discrimination in the [funding] recipients programs and fails adequately to respond.")

In Davis, the Supreme Court held that the plaintiff had stated a claim for sexual harassment under Title IX where the student had been subjected to a prolonged pattern of conduct including vulgar propositions and numerous acts of objectively offensive touching by a fellow student. The Supreme Court stated:

> [A] plaintiff must establish sexual harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities. Cf. Meritor Savings Bank, FSB v. Vinson, 477 U.S., at 67, 106 S.Ct. 2399.
>
> Whether gender-oriented conduct rises to the level of actionable "harassment" thus "depends on a constellation of surrounding circumstances, expectations, and relationships," Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 82, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), including, but not limited to, the ages of the harasser and the victim and the number of individuals involved. . . . Courts, moreover, must bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults. See, e.g., Brief for National School Boards Association et al. as Amici Curiae 11 (describing "dizzying array of immature behaviors by students"). Indeed, at least early on, students are still learning how to interact appropriately with their peers. It is thus understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it. Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender. Rather, in the context of student-on-student harassment, damages are available only where the behavior is so severe, pervasive, and

>objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect.

Davis, 526 U.S. at 652.

In Hawkins v. Sarasota County School Board, 322 F.3d 1279 (11th Cir. 2003), parents of three second-grade students brought a Title IX action for alleged sexual harassment by a male classmate. The classmate was accused of making persistent sexually explicit and vulgar remarks to the girls, and of offensively touching one of them by grabbing them and rubbing his body on theirs. The Eleventh Circuit found this conduct was not severe enough to have a systemic effect of denying the girls equal access to their educational program as required to support a Title IX sexual harassment claim. The court found that although the harassment was unwelcome and intimidating, and two of the girls said they faked being sick several times in order not to go to school, none of the girls told their parents until months after the alleged harassment began, none suffered a decline in grades, none of their teachers observed any change in their demeanor or classroom participation, and there was no physical exclusion or denial of access to facilities. Id. at 1288-89.

As previously discussed in connection with Plaintiff's claims against Huddleston, the conduct complained of in this case, when considered in the light most favorable to Plaintiffs, includes: hanging a heart-shaped photograph of Jane among her classmate's pictures on the classroom door frame; and Huddleston repeatedly calling Jane his "girlfriend" and telling her that he loved her which on occasion caused Jane to blush. The comments by Huddleston

7

may have occurred as frequently as twice per week during the school year. Further, Jane was no doubt teased by her peers as a result of Huddleston's conduct. Still, the Court finds that this conduct was not "so severe, pervasive, and objectively offensive" so as to constitute actionable sexual harassment under Title IX. Cf. Davis, 526 U.S. at 652.

While the Court recognizes that Huddleston's comments to Jane are not sanctionable teacher-student conversation, the Court cannot say the comments rise to the level of sexual harassment. The remarks were not overtly offensive in the sense that they were not vulgar or sexually explicit. Further, Jane's picture was hung among those of her fellow classmates, and when Huddleston received the picture it had already been cut into the shape of a heart. Also, while there is no doubt Jane had difficulties adjusting to first grade at Westview school, and her parents repeatedly complained of these problems, neither Jane nor her parents ever specifically complained about Huddleston's conduct. Under these circumstances, the Court finds that no reasonable jury could find that Huddleston's conduct or the conduct of Jane's peers was so severe, pervasive, and objectively offensive, so as to preclude Jane's participation in her educational program. Consequently, the Court will grant summary judgment in favor of PCSD as to Jane's Title IX claims

### B. Remaining Claims

Plaintiffs remaining claims derive from Illinois law. Because of the nature of the claims, the Court finds they are better suited for adjudication in state court. Accordingly, the Court sua sponte

declines supplement jurisdiction over these claims. See 28 U.S.C. § 1367(c)(1) (district court may decline to exercise supplemental jurisdiction if claim raises novel or complex issue of state law).

 **C. Motions to Strike**

Considering the above rulings, the pending motions to strike are denied as moot.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant PCSD's Motion for Summary Judgment [Doc. # 260] is GRANTED IN PART and DENIED IN PART.  Summary judgment is granted in favor of PCSD as to Plaintiffs' Title IX claims.

IT IS FURTHER ORDERED that this Court declines supplemental jurisdiction over Plaintiffs' state law claims against Defendants.

IT IS FURTHER ORDERED that Defendant Ronald Schramm's Motion for Summary Judgment [Doc. # 258], Defendant Karen Harm's Motion for Summary Judgment [Doc. # 259], Defendants' Motion to Strike [Doc. # 246], Plaintiffs' Motion to Consolidate Cases for Trial [Doc. # 253], and Defendants' Joint Motion to Continue Final Pretrial and Trial Dates [Doc. # 223] are DENIED AS MOOT.

 CASE TERMINATED.


Entered this  6th  day of June, 2006.

           s/ Joe B. McDade
           JOE BILLY McDADE
          United States District Judge